GABRIEL R. CAILLEUX and others *v.* JAMES HALL and others.

A promise by a party, to whom goods are transferred, to pay to a third person a sum due to such third person from the owner, is a valid agreement, not within the statute of frauds, and not required to be in writing.

It is not necessary that the consideration should pass from the person claiming the benefit of the promise. It is good if it proceed from the debtor of such person.

A quantity of wool was purchased by A., he giving therefor his drafts, accepted by the plaintiffs: the understanding being, that they should pay the acceptances and own the wool; that A. should have the profits of manufacturing it; and that he should then return it to them. By consent of all parties, the property was transferred by A. to the defendants, upon their parol promise to pay the amount of the acceptances aforesaid, which they failed to do. For that amount the plaintiffs recovered judgment against A., which remained unsatisfied; and they then sued the defendants upon the said promise.

*Held,* That the recovery of the judgment by the plaintiffs against A. was conclusive that A. (and not the plaintiffs) was the original purchaser and owner of the wool; and that the plaintiffs' acceptances were given to A. for his accommodation; that his transfer of the property to the defendants formed a sufficient consideration for their agreement, which was, to pay for the same, to the plaintiffs, the amount of the acceptances for which A. was responsible; and that the said agreement, although verbal, was binding upon the defendants.

THIS action was to recover upon a verbal agreement of the defendants to pay the amount of two drafts for $1,821 62, drawn by one Andrews upon the plaintiffs. A quantity of wool had been purchased by Andrews, the vendors taking in payment therefor the plaintiffs' acceptances of the drafts in question. It was understood that the plaintiffs should pay the acceptances and own the wool, and that Andrews should have the profits of manufacturing it, and should return it, when made into cloth, to them.

Afterwards, Andrews entered into a business arrangement with the defendants, and it was agreed on all hands that the wool should belong to them, they paying the acceptances above mentioned, when they became due. The wool, when manufactured, was accordingly sent by Andrews to the defendants. They, however, failed to advance the amount of the accept-

ances, which were met and paid by the plaintiffs. The plaintiffs obtained, but did not collect, a judgment against Andrews for the amount of the bills. They then sued the defendants, and were nonsuited on the trial of the cause, for the reason stated in the opinion. An appeal was taken by the plaintiffs to the general term.

*Edward Sandford*, for the plaintiff.

*Albert Mathews*, for the defendant.

By the Court. Ingraham, First J.—The nonsuit was granted upon the ground that the plaintiffs could only have recovered against Andrews as accommodation acceptors, and could not claim to be the owners of the goods.

The ordinary liability upon a draft or bill of exchange is from the acceptor to the drawer. The acceptance being an admission of funds in the hands of the person making it, the only way in which Andrews could be liable to the plaintiffs, is upon the ground that they had accepted for him when not in funds on his account. The suit by them against him, and recovery of judgment on these drafts, is proof of this; and it is too late for the plaintiffs, after that election on their part, to claim to be the principals and owners of the wool, for which the drafts were given. I do not see how there can be any conclusion other than that Andrews was the purchaser and paid for the wool in drafts on the plaintiffs, who accepted for his accommodation.

If the plaintiffs' only claim against Andrews was for money paid upon acceptances made by them for his accommodation, then no consideration passed *from them*, for the promise by defendants to pay the drafts of Andrews. It was a mere agreement to pay the debt of Andrews due on those bills of exchange; and unless there was a debt due from the defendants to another, which they, on a good consideration, promised to pay to the plaintiffs, it would be within the statute of frauds, and require to be in writing.

But whether this wool was the property of the plaintiffs or not, I do not think material to maintaining their case. Admitting it to be the property of Andrews, he transferred it to the defendants, upon their promising to pay for it to the plaintiffs the amount of the acceptances for which Andrews was responsible. This is precisely similar in principle to the case in 4th Denio, 97, and also to other cases referred to therein. (4 Coms. 432; 2 Denio, 55.)

I think there was error in nonsuiting the plaintiffs upon the ground that they were not the owners of the goods transferred. It is not necessary that the consideration should pass from the person claiming the benefit of the promise; but it is good if it proceed from the debtor of such person. In fact, all the cases referred to are of this character. If it were otherwise, the objection now taken might be available.

Nonsuit set aside, and a new trial ordered.